UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-CR-0203-CVE |
| ) | (15-CV-0470-CVE-TLW) |
| DAGOBERTO HERNANDEZ-ESPOLINA, ) | |
| a/k/a Dago, ) | |
| a/k/a Dagoberto Hernandez, ) | |
| ) | |
| Defendant. ) | |

## CORRECTED[1] OPINION AND ORDER

On August 17, 2015, defendant Dagoberto Hernandez-Espolina, a federal prisoner proceeding pro se, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 42). Section 2255 provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." Defendant claims that Tulsa Police Department (TPD) Officers Sean Hickey, Jeff Henderson, and Frank Khalil, as well as Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) Agent Brandon McFadden, violated defendant's constitutional rights during a search of defendant's vehicle and home, and he claims he recently learned that these law enforcement officials were involved in corrupt activities. He acknowledges that he did not file his § 2255 motion within one year of the date that his convictions became final, but he argues that he filed his claims based on newly discovered evidence and he asks the Court to consider the merits of his claims. Dkt. # 45, at 1.

---

[1]   Corrected to revise link to proper civil case number 15-CV-0470-CVE-TLW in caption.

**I.**

On October 4, 2006, a magistrate judge signed a criminal complaint charging defendant with possessing 50 grams or more of methamphetamine with intent to distribute. Dkt. # 1. Defendant made his initial appearance on October 23, 2006, and he appeared with retained counsel. Dkt. # 6. On November 8, 2006, a grand jury returned an indictment charging defendant with possession of 50 grams or more of methamphetamine with intent to distribute (count one), possession of cocaine with intent to distribute (count two), possession of marijuana with intent to distribute (count three), possession of a firearm in furtherance of a drug trafficking crime (count four), being an illegal alien in possession of a firearm (count five), and possession of a counterfeit identification document (count six). Dkt. # 2. Defendant filed a motion to suppress (Dkt. # 17), arguing that police illegally searched his home and that he was interrogated without receiving a <u>Miranda</u> warning.

The Court held an evidentiary hearing on the motion on January 5, 2007, and the government called Henderson and Khalil as witnesses. The government also called McFadden as a rebuttal witness. The government's witnesses testified that Henderson, Khalil, Hickey, and McFadden were conducting surveillance at a suspected drug house in Tulsa, Oklahoma, because Khalil had received a tip from a confidential informant that defendant was selling cocaine, methamphetamine, and marijuana from the house. On September 6, 2006, officers observed defendant pull into the driveway in one vehicle, and drive away in a different vehicle about five minutes later. Henderson followed the vehicle and observed a traffic violation, and he conducted a traffic stop. Henderson believed that he smelled a strong odor of marijuana coming from defendant's vehicle, and the officers discovered a substance that they believed was marijuana in a subsequent search of the vehicle. Henderson handcuffed defendant and placed him in Henderson's patrol car, and Henderson

and Khalil testified that Henderson gave defendant a Miranda warning. The government's witnesses testified that defendant and his wife consented to a search of his home, and police found cocaine, marijuana, methamphetamine, and firearms in defendant's home.

Defendant and his wife, Crystal Hernandez, testified on behalf of defendant, and they offered a very different version of the events. Defendant claimed that he did not commit a traffic violation when Henderson pulled him over, and he claimed that McFadden handcuffed defendant and stole between $600 and $800 in cash from defendant. Defendant denied that he consented to a search of his home and he claimed that he refused to cooperate with the police. He alleged that police officers took him to his home and handcuffed him to a shower rod in his bathroom while they searched his home. Defendant's wife also testified that she did not consent to a search of the home and she claimed that she asked to see a search warrant. She alleged that she did not make any voluntary statements to police, and she further claimed that police officers stole a television, a CD player, liquor, and jewelry from the home.

The Court denied defendant's motion to suppress. Dkt. # 30. The Court noted that the government and defense witnesses offered "vastly different" versions of what happened. Id. at 6. However, the Court found that the testimony of Henderson, Khalil, and McFadden was credible, and the Court found that no constitutional violation had occurred. Defendant pled guilty to all counts alleged in the indictment and the government agreed to move for an additional one level reduction for acceptance of responsibility pursuant to § 3E1.1(b) of the United States Sentencing Guidelines (USSG). Dkt. # 32-2, at 1. Defendant received a sentence of 180 months imprisonment,[2] and the

---

[2]      Defendant was sentenced to 120 months as to counts one, two, five, and six, and he received 60 month sentence as to count four that was ordered to run consecutively to any other sentence imposed. Dkt. # 37, at 2.

3

judgment and commitment was filed on April 17, 2007. Defendant did not file a direct appeal of his convictions or sentence, and his convictions became final on May 1, 2007 when he failed to file a notice of appeal. On August 17, 2015, defendant filed a motion to vacate, set aside, or correct sentence pursuant to § 2255 on the ground that the police officers who arrested him and searched his home committed misconduct. Dkt. # 42, at 4. The Court ordered defendant to show cause as to why his § 2255 is timely, and defendant has filed a response (Dkt. # 45) to the order to show cause. Defendant claims that his motion is premised on newly discovered evidence that the police officers who arrested him were subsequently charged with engaging in criminal conduct. He claims that his § 2255 motion is timely, because it was filed within one year of the date that the Tenth Circuit Court of Appeals affirmed Henderson's convictions. Dkt. # 45, at 3. The Tenth Circuit's decision was issued on April 24, 2014. He also cites United States v. Williams, 16 F. Supp. 3d 1301 (N.D. Okla. 2014), and claims that the Williams decision also provided notice that the police officers who arrested him were accused of misconduct. Dkt. # 42, at 16.

## II.

Defendant argues that his motion is timely under § 2255(f) because it was filed within one year of the date that he first discovered evidence of the police officers' misconduct. Dkt. # 45, at 2-3. He claims that his § 2255 motion was filed within one year of the date that the Tenth Circuit affirmed Henderson's convictions. Id. at 3. He cites Williams and claims that at least one of officers who arrested him has been implicated in a scheme to manufacture evidence against a suspect. Dkt. # 42, at 16. He could also be arguing that equitable tolling should be applied to extend his time to file an initial § 2255 motion.

Section 2255 provides a one year statute of limitations for initial motions to vacate, set aside, or correct sentence, and the statute of limitations begins to run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Defendant's conviction became final on May 1, 2007, and his § 2255 motion was filed on August 17, 2015. Defendant's § 2255 motion is clearly untimely under subsection (f)(1). However, defendant argues that he discovered new evidence and that his motion is timely under subsection (f)(4).

To establish that his § 2255 motion is timely, defendant must do more than state that he learned of new information at some unspecified date and then filed a § 2255 motion. Instead, defendant must show that he exercised due diligence in attempting to gather new evidence and that he filed his § 2255 motion within one year of the date from which the facts could be discovered. Moore v. United States, 438 F. App'x 445, 447 (6th Cir. Sep. 7, 2011). A defendant's statute of limitations under § 2255(f)(4) begins to run on the date that new evidence could reasonably be discovered, even if the defendant did not actually discover the evidence until a later date. Dauphin v. United States, 604 F. App'x 814, 817 (10th Cir. Mar. 16, 2015).[3] Due diligence does not mean

---

[3] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

"maximum" diligence on the part of the defendant, but it does mean that defendant must show that he made "reasonable efforts" to discover the new evidence in a timely manner. Aron v. United States, 291 F.3d 708, 712 (11th Cir. 2002); Wims v. United States, 225 F.3d 186, 190 (2d Cir. 2000). A defendant does not have to "undertake repeated exercises in futility or to exhaust every imaginable option," but § 2255(f)(4) does "at least require that a prisoner make *reasonable* efforts to discover the facts supporting his claims." Anjulo-Lopez v. United States, 541 F.3d 814, 818 (8th Cir. 2008).

The Court will provide some context for the allegations of police corruption made by defendant to establish when a person making reasonable efforts would have learned that certain police officers were accused of misconduct. On July 19, 2010, a grand jury returned a sealed indictment charging Henderson and a co-defendant, William Yelton, with drug and firearms offenses, conspiracy to commit and suborn perjury, perjury, witness tampering, and conspiracy to deprive individuals of their civil rights. United States v. Jeff M. Henderson and William A. Yelton, 10-CR-117-BDB (N.D. Okla), Dkt. # 2. On July 20, 2010, Henderson made his initial appearance and the indictment was unsealed. A superseding indictment (Dkt. # 111) with additional criminal charges against Henderson was filed on September 24, 2010. The case went to trial and Henderson was convicted of eight charges. Seven of the convictions were for perjury based on Henderson's false testimony at a suppression hearing in United States v. Ronald Crawford, 09-CR-26-CVE (N.D. Okla.).[4] McFadden was separately charged with drug crimes, possession of a firearm in furtherance of a drug trafficking offense, and money laundering and, on May 6, 2010, he pled guilty to a drug conspiracy charge. United States v. Brandon J. McFadden, 10-CR-058-BDB (N.D. Okla.).

---

[4] In addition, Henderson was convicted of depriving Carah Bartel and William Kinard of their constitutional rights in violation of 18 U.S.C. § 242. Henderson, 10-CR-117-BDB (N.D. Okla), Dkt. # 300, at 44.

News of the Tulsa police corruption scandal became public at least as early as May 2010, and Henderson's involvement was alleged in unsealed court documents, newspaper articles, and judicial decisions during the summer of 2010. See United States v. Williams, 2011 WL 489771 (N.D. Okla. Feb 7, 2011) (describing police corruption investigation and providing citations to newspaper articles dating back to May 2010); United States v. Crawford, 2010 WL 5071039 (N.D. Okla. Dec. 7, 2010) (ruling on motion for discovery in support of a § 2255 motion filed on June 22, 2010 concerning Henderson's alleged misconduct); United States v. Henderson, 2010 WL 4065467 (N.D. Okla. Oct. 15, 2010) (ruling on a motion to withdraw by one of Henderson's attorneys in his criminal case). The public nature of the allegations against Henderson was the subject of a ruling in Henderson's criminal case, because an unindicted co-conspirator filed a motion asking the court to sanction prosecutors in the case for publicly identifying the unindicted coconspirator. United States v. Henderson, 2012 WL 787575 (N.D. Okla. Mar. 9, 2012). In December 2012, a state inmate's habeas petition under 28 U.S.C. § 2254 was found to be time-barred because it was not filed within one year of July 20, 2010, the date Henderson made his initial appearance in his criminal case and the indictment was unsealed. Smallwood v. Martin, 2012 WL 6707315 (N.D. Okla. Dec. 26, 2012). A § 2255 motion filed on June 20, 2011 was found to be untimely under § 2255(f)(4), because the defendant claimed that he believed at the time of his prosecution that he was the victim of police misconduct and a newspaper article published on August 27, 2010 did not provide new information to the defendant. United States v. Douglas, 2013 WL 3157779 (N.D. Okla. June 20, 2013).

In a prior case, the Court considered whether a § 2255 motion filed on December 5, 2011 could be deemed timely based on allegations that the defendant was convicted due to the misconduct

7

of TPD officers. United States v. Randle, 2013 WL 395450 (N.D. Okla. Jan. 31, 2013). The defendant alleged that Henderson and other TPD officers conducted a warrantless search of his home, and he claimed that Henderson later returned with an altered warrant for a search of defendant's home. Id. at 4. The defendant also alleged that Henderson planted drugs that were used to convict the defendant of drug crimes. Id. The Court found that a person exercising due diligence would have learned of Henderson's misconduct well before December 5, 2010, especially if a person was looking to show his innocence, and the Court dismissed the defendant's claims as time-barred. Id. at 5.

In this case, defendant filed his § 2255 motion on August 17, 2015, and he must show that his motion was filed within one year of the discovery of new evidence and that a person exercising due diligence would not have discovered the evidence before August 17, 2014. Defendant has offered no explanation of what efforts he was undertaking before August 17, 2014 to discover evidence supporting his claims that his constitutional rights were violated due to the misconduct of the police officers who arrested him. Instead, he cites United States v. Williams, 16 F. Supp. 3d 1301 (N.D. Okla. 2014), which was decided on April 18, 2014. Dkt. # 42, at 10. The Court notes, however, that the defendant in Williams consistently brought allegations of police misconduct from the time of his conviction in 1998, and he sought discovery in 2010 upon learning of the criminal charges against Henderson and other TPD officers. Id. at 1305-06. Defendant here also claims that he could not have learned of the charges against Henderson until the Tenth Circuit entered its decision in Henderson's appeal of his convictions. Dkt. # 45, at 3. Henderson's convictions were affirmed on appeal on April 24, 2014. United States v. Henderson, 564 F. App'x 352 (10th Cir. Apr. 24, 2014). A person exercising due diligence would have learned of the allegations against

Henderson and other TPD long before August 2014, because these allegations became public in 2010 and were widely available to any person seeking to discover this information. There were numerous newspaper articles and judicial decisions referencing allegations of police misconduct dating from 2010, which could have been found by a reasonable person looking for evidence to prove his allegations of misconduct and support for his claims before August 2014. Even if defendant reasonably relied on the Williams and Henderson decisions, he would still have been required to file a § 2255 motion no later than April 24, 2015, but his motion was filed on August 17, 2015.[5] In addition, defendant would have been on notice at the time of his conviction that he believed that he was the victim of police misconduct, and he could have raised these claims in a motion filed within one year of the date his conviction became final. Douglas, 2013 WL 3157779 at *3.

Defendant could be arguing that the statute of limitations is subject to equitable tolling. Dkt. # 45, at 4. The one year statute of limitations to file a § 2255 motion is subject to equitable tolling when "an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." United States v. Gabaldon, 522 F.3d 1121, 1124 (10th Cir. 2008). The Court has already determined that defendant did not act diligently

---

[5] Defendant cites Tillman v. Neumann, 2014 WL 5592549 (N.D. Okla. Nov. 3, 2014), in which the Court found that a state habeas petitioner's petition under 28 U.S.C. § 2254 alleging claims based on police misconduct was timely filed on March 31, 2014. However, Tillman is clearly distinguishable from this case, because the petitioner filed a motion for state post-conviction relief on June 25, 2010 immediately after he learned of the allegations of police misconduct. The Oklahoma Court of Criminal Appeals did not affirm the denial of the motion for post-conviction relief until February 14, 2014. The Court found that petitioner's § 2254 petition was timely, because the petitioner acted promptly upon learning in May 2010 of the allegations of police misconduct. In contrast, defendant could have learned of the allegations of police misconduct in May 2010 and he did not file a § 2255 motion until August 17, 2015.

9

in pursuing his claims based on police misconduct, and he has identified no extraordinary circumstances that would justify the application of equitable tolling. Defendant claims that he did not learn of the criminal charges against Henderson until 2014 when he reviewed the <u>Williams</u> and <u>Henderson</u> decisions. Dkt. # 45, at 3. However, this does not constitute an extraordinary circumstances that would justify applying the doctrine of equitable tolling, because a person exercising due diligence would have discovered this information much earlier.

**IT IS THEREFORE ORDERED** that defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C.§ 2255 (Dkt. # 42) is **dismissed without prejudice as time-barred**. A separate judgment of dismissal is entered herewith.

**DATED** this 6th day of January, 2016.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE