## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-CR-0203-CVE |
| | ) | Civil Case No. 15-CV-0470-CVE-TLW |
| DAGOBERTO HERNANDEZ-ESPOLINA, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court is defendant's "Request for Reconsideration of 28 U.S.C. §2255 Order

Dated January 6, 2016. And Request for Ex Parte Application for the Appointment of Counsel to

Perfect the Constitutional Guaranteed Rights of the Petitioner Due Process Right During Habeas

Proceedings" (Dkt. # 56).  Defendant previously filed a motion to vacate, set aside, or correct

sentence under 28 U.S.C. § 2255 (Dkt. # 42).  The Court found that the motion was time-barred and

dismissed the motion with prejudice.  Dkt. # 52.  Defendant asks the Court to reconsider its opinion

and order (Dkt. # 52) dismissing his § 2255 motion and he requests the appointment of counsel.[1]

On November 8, 2006, a grand jury returned an indictment charging defendant with

possession of methamphetamine with intent to distribute (count one), possession of cocaine with

intent to distribute (count two), possession of marijuana with intent to distribute (count three),

---

[1]     Defendant filed a motion for appointment of counsel (Dkt. # 54) following the denial of his
        § 2255 motion and the motion was denied.  Defendant again requests counsel to assist him
        at an evidentiary hearing on his § 2255 motion.  However, even if the Court were to find that
        defendant's § 2255 motion were timely, this would not automatically mean that defendant
        is entitled to an evidentiary hearing and the Court would have to determine whether
        defendant has alleged a colorable claim for relief before setting this matter for an evidentiary
        hearing.  Defendant's renewed request for the appointment of counsel is denied.

possession of a firearm in furtherance of a drug trafficking crime (count four), possession of a firearm by an illegal alien (count five), and possession of counterfeit identification documents (count six). Defendant filed a motion to suppress evidence seized during a search of his residence, as well as unwarned statements made during custodial interrogation. The Court denied defendant's motion to suppress. Dkt. # 30. Defendant pled guilty to all charges and he was sentenced to 180 months imprisonment. Dkt. # 37.

Defendant did not appeal his convictions or sentence, but he did file a § 2255 motion (Dkt. # 42) arguing that the police officers who testified at a suppression hearing gave false testimony and that some of police officers had been charged with crimes and convicted based on misconduct in other criminal investigations. Defendant's convictions became final on May 1, 2007 and his § 2255 motion was filed on August 17, 2015, and his § 2255 motion was not filed within one year of the date that his convictions became final. He argued that his motion was filed within one year of the date that he discovered new evidence supporting his claims and he asserted that his motion was timely under § 2255(f)(4). The Court rejected defendant's argument concerning the timeliness of his § 2255 motion and found that a person exercising due diligence would have discovered the factual basis for defendant's claims well before August 17, 2014. Dkt. # 52.

Under Tenth Circuit precedent, a motion to reconsider the denial of a § 2255 motion must be treated as a request to file a second or successive motion under § 2255 if the motion "in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction [or sentence]." United States v. Pedraza, 466 F.3d 932, 933-34 (10th Cir. 2006). However, a court may consider a "true" motion for relief from judgment under Fed. R. Civ. P. 59(e) or 60(b) without construing the motion as a second or successive § 2255 motion. See Gonzalez v. Crosby, 545 U.S.

524 (2005).  To avoid classification as a second or successive § 2255 motion, the Rule 59(e) or 60(b)

motion must challenge "some defect in the integrity of the federal habeas process," rather than the

"substance of the federal court's resolution of a claim on the merits."  Id. at 532.  The Tenth Circuit

does not distinguish between a Rule 59(e) motion to alter or amend judgment and a Rule 60(b)

motion when considering whether a motion should be treated as a true motion for relief from

judgment or as a second or successive § 2255 motion.  See Pedraza, 466 F.3d at 933.  If the motion

to reconsider is more properly classified as a second or successive § 2255 motion, this Court lacks

jurisdiction to consider a second or successive § 2255 motion and defendant must request permission

from the Tenth Circuit to file a second or successive § 2255 motion.  See 28 U.S.C. § 2255(h);

United States v. Nelson, 465 F.3d 1145, 1148 (10th Cir. 2006); United States v. Torres, 282 F.3d

1241, 1246 (10th Cir. 2002).

The Court finds that defendant's motion to reconsider should be considered a true motion

to reconsider, because defendant's motion can reasonably be construed as a challenge to the Court's

ruling that his motion was untimely.  Dkt. # 56, at 3. This issue does not go to the merits of

defendant's claims and goes to the procedural integrity of the proceedings.  However, defendant has

made no new arguments on this issue and the Court finds no basis to reconsider its opinion and order

(Dkt. # 52) dismissing defendant's claims as time barred.  Defendant could be arguing that the one

year statute of limitations should have been equitably tolled, but the Court previously considered

this argument and found no extraordinary circumstances that would justify the application of

equitable tolling.  Dkt. # 52, at 9-10.  To the extent that defendant's arguments concern the merits

of his claims, the Court did not previously consider the merits of his claims because the claims are

time-barred, and the Court cannot reach the merits of his claims on a motion to reconsider.

**IT IS THEREFORE ORDERED** that defendant's "Request for Reconsideration of 28 U.S.C. §2255 Order Dated January 6, 2016. And Request for Ex Parte Application for the Appointment of Counsel to Perfect the Constitutional Guaranteed Rights of the Petitioner Due Process Right During Habeas Proceedings" (Dkt. # 56) is **denied**.

**DATED** this 24th day of May, 2016.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE